UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT ALSPAUGH, JR.,

       Petitioner,

v.                                                                                    Case No. 2:06-cv-92
                                                               HON. ROBERT HOLMES BELL

PATRICIA CARUSO,

       Respondent.
_____/

## REPORT AND RECOMMENDATION

       Petitioner Robert Alspaugh, Jr., filed this petition for writ of habeas corpus, challenging the loss of disciplinary credits as a result of a major misconduct for assault and battery on November 15, 2004. Petitioner maintains that his prison misconduct conviction was obtained in violation of his federal rights. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be dismissed.

       In his petition, Petitioner states that the officers involved in the incident lied about who was holding the strap or chain which was attached to Petitioner's restraints. Petitioner was interviewed by the hearing investigator, at which time Petitioner requested that prisoners Vinson, Watkins and Dillards be provided with specific questions. Petitioner also requested that the security videotape of the area be reviewed. Only prisoner Dillards provided a statement based on the questions requested by Petitioner.

       Petitioner received a hearing on November 15, 2004, before Hearing Officer Linda Maki. The evidence presented included the misconduct report, prisoner Dillards' statement, and the

videotape request. Petitioner was informed that the videotape had been reviewed outside his presence and that it could not be determined which officer was holding the strap. Petitioner was found guilty of the misconduct and was sentenced to 30 days of lost privileges. In the hearing report, the hearing officer listed the following reason for finding Petitioner guilty:

> Prisoner is guilty of assault and battery based upon the report and statement of the other officer who was present as well as the video. The prisoner had left the hearing room and started down base gallery so this hearing officer was not a witness to the incident. This prisoner does not deny that he pulled away from the officer escorting him. In the video he is seen going towards a cart which is on the gallery and the officer being pulled after him. This is consistent with the report. This prisoner resisted the officer who was escorting him and attempting to pull away. This was a deliberate and physical resistence to the officer done while the prisoner was upset and angry. I find illogical that the two staff present would say it was RUO Kangas who was holding the lead strap if it was in fact RUO Champion.

(*See* November 15, 2004, hearing report, which is attached as an exhibit to the petition for habeas corpus relief.)

Petitioner maintains that his misconduct conviction was obtained in violation of his procedural due process rights. It is clear that Petitioner received due process of law, and that he cannot support any claim that his constitutional rights were violated during the misconduct hearing. Prison inmates subject to serious disciplinary action are entitled to (1) 24 hours advance written notice of the charges; (2) an opportunity to appear at a hearing, to call witnesses, and present rebuttal evidence when permitting the inmate to do so will not be unduly hazardous to institutional safety; and (3) a written statement by the factfinders as to the evidence relied upon for their decision which includes a statement as to the reasons for the decision. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). If the prisoner received these procedural protections, and if there were "some facts" to support the decision of the hearings officer, then the prisoner received all the process to which he

was due.  *Superintendent of Massachusetts Institute, Walpole v. Hill*, 472 U.S. 445 (1985). Petitioner has failed to show that his constitutional rights were denied.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by Petitioner in this application for habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, if the court has already determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomolous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a

certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong because Petitioner received due process of law. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3. Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley  
     TIMOTHY P. GREELEY  
     UNITED STATES MAGISTRATE JUDGE

Dated:   April 11, 2006